**CONCUR and Opinion Filed July 12, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00874-CV

**JAMES DAMONTE, Appellant**
**V.**
**HALLMARK FINANCIAL SERVICES, INC. AND HEATH XS, LLC, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-05976**

## CONCURRING OPINION

Before Justices Whitehill, Molberg, and Reichek
Concurring Opinion by Justice Whitehill

I join the majority opinion but write separately to make the following observations:

The majority opinion should not be construed to mean that the content of the communication at issue must itself be defamatory or otherwise actionable to satisfy § 27.003(a)'s requirement that the challenged legal action be based on, relate to, or be in response to the movant's communication made while exercising one of the statutorily protected rights. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(a). That is, it is not necessary that the legal action be based on the communication's content. The statute's text imposes no such requirement. *See id.* § 27.001. And imposing such a requirement would defeat one of the statute's express purposes: safeguarding "the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government." *Id.* § 27.002.

**I.**

Regarding the former point, § 27.003 authorizes a motion to dismiss "[i]f a legal action is based on, *relates to, or is in response to* a party's *exercise* of the right to free speech, right to petition, or right of association." *Id*. § 27.003(a) (emphases added). Thus, it is the fact that the requisite communication occurred—and not that its content is itself actionable—that satisfies the communication component of each statutorily protected right. *See id*. § 27.001(2), (3), (4).

For example, although the content of an allegedly defamatory communication is relevant to the merits of a defamation claim, it is the fact that the defamatory statement at issue implicates a matter of public concern, for example, that is relevant to the motion's first step analysis. That is, there is no requirement that the triggering communication be defamatory to satisfy § 27.005(b)'s first step analysis.

Similarly, there is no statutory requirement that the communication's content be the subject of the provoked legal action. For example, it is sufficient for §§ 27.003 and 27.005(b) purposes that the movant's statements opposing the construction of a nuclear power plant in her neighborhood prompted the nonmovant's legal action to trigger the TCPA, regardless of whether the legal action on its face has anything to do with the statement's content, or with the statement at all. In that instance, the legal action could be in response to the protest statement without needing to be based on the statement's content.

Proving that the subject communication prompted the challenged legal action may be difficult when the subject pleading does not assert a claim based on the communication's content, but § 27.005(b) makes that determination one of proof by a preponderance of evidence.

Although courts can conclusively find that connection based on the nonmovant's pleadings alone, *see Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017), the movant can also attempt to prove that connection at least through affidavits and potentially other available evidence, *see* CIV. PRAC.

§ 27.006.  For example, although the challenged petition may not show the causal relationship on its face, the movant in the power plant illustration could make that connection with her affidavit swearing that the nonmovant told her he would sue her if she spoke out against the new plant. Thus, the absence of a statement in the pleading that connects the dots does not necessarily prevent the movant from proving that the legal action is based on, relates to, or is in response to the movant's communication made while exercising one of the statutorily protected rights.

**II.**

As to the latter point, one of the statute's purposes is to prevent the strong from squelching the weak's ability to participate in government through strategic lawsuits against public participation.  *See* CIV. PRAC. § 27.002; Laura Lee Prather & Justice Jane Bland, *Bullies Beware: Safeguarding Constitutional Rights Through Anti-SLAPP in Texas*, 47 TEX. TECH L. REV. 725, 727–30, 732–34 (2015) (collecting examples of abusive lawsuits filed to "extinguish lawful speech").  Reading the statute to mean that the required communication's content must itself be actionable, as opposed to simply having been made and provoked a "legal action" (as defined in the TCPA) in response, would restrict the range of potential cases, like the nuclear power plant example referred to in the preceding section, that the legislature intended for the statute to protect. Thus, we must be vigilant to avoid inadvertently reading such a requirement into the statute.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

180874F.P05

–3–